**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.: 6:19-cv-1360

SCOTT PRICE, MARIA PRICE,

Plaintiffs,

vs.

TD BANK, NATIONAL ASSOCIATION,

Defendant.

_________________________________________/

## COMPLAINT

Plaintiffs, Scott and Maria Price, sue Defendant TD Bank National Association (hereafter "TD Bank") and for their complaint allege:

1. This is a complaint for monetary damages.

2. Plaintiffs Scott and Maria Price sue their mortgage loan servicer, TD Bank, for violations of the mortgage loan contract, as well as violations of federal and state law.

## I
## PARTIES

3. Scott and Maria Price are husband and wife, and they are both natural persons who are both *sui juris*. They own real property located at 875 Liberty Court, DeLand, Florida 32724, located in Volusia County, Florida (hereinafter the "Subject Property"). The Subject Property is their homestead where they have resided since the date they purchased the home.

4. At all times material hereto, TD Bank is a National Association with a principal place of business located at Two Portland Square, Portland, ME 04112.

## II
## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, 28 USC § 1337 and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

6. TD Bank transacts business in the State of Florida. The conduct complained of which gives rise to the causes of action occurred in the County of Volusia, State of Florida. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b)(2) and (c), as the claims arose from acts of TD Bank perpetrated therein.

## III
## COMPOSITE EXHIBITS

7. Attached to this Complaint are Composite Exhibits. The Composite Exhibits are incorporated and made a part hereof as “G&O Bates Stamped Composite Exhibit “A” on the bottom left side of each page of the exhibits.

## IV
## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

9. On July 18, 2007, Scott and Maria Price executed a Note and Mortgage (the “Subject Debt”) with Lender, Riverside National Bank of Florida for the purchase of their residence. [G&O Bates Stamped Composite Exhibit "A", “Note”, pages 006 - 010 and “Mortgage” pages 011 - 022)].

10. The Subject Debt is a federally related mortgage loan pursuant to 12 CFR § 1024.2(b).

11. On April 4, 2011, TD Bank, as servicer of the loan, filed a Foreclosure Action against Scott and Maria Price in Volusia County Circuit Court case number 2011 10653 CIDL (hereafter "Foreclosure Action"). [G&O Bates Stamped Composite Exhibit "A", pages 01 - 022]

12. Paragraph 10 of the complaint in the Foreclosure Action alleged default occurred on June 1, 2010. [G&O Bates Stamped Composite Exhibit "A", page 03]

13. On November 7, 2011, Scott and Maria Price filed an answer and affirmative defenses to complaint in the Foreclosure Action. [G&O Bates Stamped Composite Exhibit "A", pages 023 - 024]. In their answer to the complaint in the Foreclosure Action, Scott and Maria Price denied that they defaulted on their mortgage loan.

14. On July 3, 2013, TD Bank sent an offer to Scott and Maria Price to enter into a loan modification upon successful completion of a three-month payment plan. [G&O Bates Stamped Composite Exhibit "A", pages 025 - 026]

15. Because Scott and Maria Price complied with the July 3, 2013 offer, on December 1, 2013, TD Bank offered a permanent loan modification to Scott and Maria Price. [G&O Bates Stamped Composite Exhibit "A", pages 027 - 030]. That offer was accepted and executed by Scott and Maria Price on January 27, 2014 and countersigned by TD Bank on February 28, 2014 and recorded in the Volusia County Official Records on April 15, 2014 at Book 6978 and Page 3951. [G&O Bates Stamped Composite Exhibit "A", pages 031 - 032]

16. Section 1 of the loan modification agreement provided that as of December 1, 2013, the principal included amounts capitalized for all accrued and uncollected interest and "other" amounts. Section 5 of the loan modification agreement provides in part:

> (e) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

[G&O Bates Stamped Composite Exhibit "A", pages 029 and 032]

17. On February 5, 2014, TD Bank filed in the Foreclosure Action a "Motion For Entry Of Order of Dismissal Without Prejudice To Remove Case From Trial Docket, And To Discharge Lis Pendens" (hereafter "Motion to Dismiss"). [G&O Bates Stamped Composite Exhibit "A", pages 033 - 035].

18. In TD Bank's Motion to Dismiss, TD Bank specifically requested the Court Order the case dismissed ". . . without prejudice, the parties to bear their own attorneys fees and costs, . . .". [G&O Bates Stamped Composite Exhibit "A", pages 034]

19. On February 11, 2014, the Court dismissed the Foreclosure Action and specifically Ordered ". . . the parties to bear their own attorneys' fees and costs." [G&O Bates Stamped Composite Exhibit "A", pages 036 - 037].

20. More than two years after the loan modification was fully executed, on May 18, 2016, TD Bank sent a Mortgage Statement to Scott and Maria Price wherein $9,118.31 was wrongly added to the monthly amount due on the account. [G&O Bates Stamped Composite Exhibit "A", pages 042 - 044].

21. The second and third pages of the May 18, 2016 mortgage statement included $9,118.31 in charges that were wrongly added to the account on April 18, 2016 and identified as: "Foreclosure Costs and Fees Asmt."; "Property Inspections Asmt."; "Appraisal & Broker's Price Opinion Asmt."; and "Attorneys Fees and Costs Asmt." [G&O Bates Stamped Composite Exhibit "A", pages 043 - 044]. It should be noted that there was no pending Foreclosure Action during the period of February 11, 2014 through May 18, 2016 as the prior lawsuit had been dismissed by order of the Court with each party bearing its own attorneys fees and costs and Scott and Maria Price were current with their mortgage loan payments under the modification.

22. In February, 2019, Scott and Maria Price retained the law firm "Gingo & Orth, P.L.L.C." at a cost of $250.00 in order to attempt to administratively resolve the issue relating to the amount of attorneys' fees and costs charged against Scott and Maria Price's account by TD Bank.

23. On February 8, 2019, attorney George Gingo sent a Notice of Error and Request for Information to TD Bank (hereafter Notice of Error #1). [G&O Bates Stamped Composite Exhibit "A", pages 038 - 045]. This was done in order to challenge the charge of $9,118.31 which was for "Other Charges" indicated on a January 31, 2018 payoff statement. [G&O Bates Stamped Composite Exhibit "A", page 046].

24. Notice of Error #1 identified a 2016 mortgage statement from TD Bank that identified post foreclosure and post loan modification attorneys' fees, appraisal and broker's price opinion assessments and property inspection fees, as well as a January 31, 2018 payoff statement which showed an additional $9,118.31 in unidentified "other charges". Notice of Error #1 ar-

gued that the post foreclosure / post loan modification charges were illegal and needed to be removed from the account.

25. Not having received any response to Notice of Error #1, on March 22, 2019, attorney George Gingo sent Notice of Error #2 to TD Bank which included a copy of Notice of Error #1. [G&O Bates Stamped Composite Exhibit "A", pages 047 - 048]

26. On March 25, 2019, TD Bank responded to Notice of Error #2 and stated that unpaid fees must be reflected on the monthly statement and it included a list of unpaid fees in the amount of $9,118.31. [G&O Bates Stamped Composite Exhibit "A", pages 049 - 054].

27. TD Banks response to Notice of Error #2 demonstrates four relevant time periods wherein TD Bank incurred fees and costs as follows:

08/12/10 - 07/02/13 . . . . $ 6,049.50

07/03/13 - 01/27/14 . . . . $ 357.00

01/28/14 - 02/11/14 . . . . $. 0.00

02/12/14 - 06/25/14. . . . $ 2,711.81

28. On March 29, 2019, attorney George Gingo sent Notice of Error #3 to TD Bank. [G&O Bates Stamped Composite Exhibit "A", pages 055 - 058].

29. Notice of Error #3 explained that the $9,118.31 in fees and costs first appeared on the account on April 18, 2016, that TD Bank asked the Court to dismiss the Foreclosure Action with each party to bear their own fees and costs, and that the Court granted that request. Notice of Error #3 reasoned that because TD Bank asked the Court to make each party to the Foreclosure Action responsible for their own fees and costs, and because the Court granted that request,

all attorneys fees and costs incurred during the pendency of the foreclosure should be eliminated from the account.

30. Notice of Error #3 also stated that all fees and costs incurred after the Foreclosure Action was dismissed should not have been charged. Notice of Error #3 also stated that the only possible legitimate charge was the $965.00 that TD Bank paid to Volusia Title Services, Inc. which was related to the loan modification agreement (once supported by invoice documentation). Notice of Error #3 also advised that TD Bank was in breach of the mortgage loan contract and that it had 30 days to cure.

31. On April 1, 2019, TD Bank sent a mortgage statement to Scott and Maria Price demanding $9,118.31 as an "Overdue Payment". [G&O Bates Stamped Composite Exhibit "A", pages 059]

32. On April 22, 2019, attorney George Gingo sent Notice of Error #4 to TD Bank. [G&O Bates Stamped Composite Exhibit "A", pages 060 - 061]. Notice of Error #4 referenced a telephone call between George Gingo and a TD Bank representative wherein the representative stated that TD Bank was not able to answer questions because the loan was originated as a Riverside Bank loan, and because when TD Bank obtained the debt, it came through in a different "system" than TD Bank uses, which makes it difficult for TD Bank to respond to inquiries.

33. On May 14, 2019, TD Bank sent a response to Notice of Error #4. [G&O Bates Stamped Composite Exhibit "A", pages 062 - 066]. In its response to Notice of Error #4, TD Bank stated that the loan modification was prepared by a bank employee and not by TD Bank's third-party counsel, and that TD Bank did not bill any attorney fees for the loan modification agreement. Additionally, TD Bank responded that it would waive $2,702.81 as attorneys' fees

assessed after February 11, 2014. In its response to Notice of Error #4, TD Bank stated it was not going to eliminate from the account any other attorneys' fees or costs. TD Bank specifically stated, "**Please understand that the court order on February 11, 2014 mandated that each party be responsible for its own fees and costs as they relate to the court motion which occurred not that specific date**." [G&O Bates Stamped Composite Exhibit "A", pages 062]. This assertion was false and violated the clear and unambiguous language in the motion to wit: "This action is hereby **DISMISSED** without prejudice, the parties to bear their own attorney's fees and costs." [G&O Bates Stamped Composite Exhibit "A", pages 036]

34. On July 19, 2019, George Gingo requested a payoff letter from TD Bank. [G&O Bates Stamped Composite Exhibit "A", pages 067 - 068].

35. On July 19, 2019, TD Bank faxed a Payoff Statement to George Gingo which indicated the following items were due:

| | |
|---|---|
| Current Balance: | $135,328.46 |
| Accrued Interest: | $36,195.38 |
| Other Charges * : | $6,417.50[1] |
| Total Payoff: | $177,941.34 |

The payoff letter included the following statement:

"* Other Charges if applicable may include but not limited to: modification fees, recovery fees, and foreclosure fees."

---

[1] In the January 31, 2018 payoff statement, TD Bank charged $9,118.31 in attorneys' fees and costs. This payoff statement reflects that TD Bank reduced that sum to $6,417.50, following its May 14, 2019 response to Notice of Error #4 wherein it stated it would waive attorneys' fees and costs incurred after dismissal of the Foreclosure Action.

[G&O Bates Stamped Composite Exhibit "A", pages 069]

## V
## CAUSES OF ACTION

### COUNT I
### Violation of 12 U.S.C. § 2605e2(A)
### Violation of 12 CFR § 1024.35

36. Plaintiffs Scott and Maria Price repeat and re-allege the allegations contained in paragraphs 1 - 35, above as if fully set forth herein.

37. 12 U.S.C. § 2605 states in relevant part:

> (e) Duty of loan servicer to respond to borrower inquiries
> (2) Action with respect to inquiry
> Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
>
> > (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower)..."

38. 12 CFR § 1024.35 provides in relevant part:

> Error resolution procedures.
>
> **(a)*****Notice of error.*** A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred. A notice on a payment coupon or other payment form supplied by the servicer need not be treated by the servicer as a notice of error. A qualified written

request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request.

**(b)*Scope of error resolution.*** For purposes of this section, the term “error” refers to the following categories of covered errors:

**. . .**

**(5)** Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower.

**(6)** Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR 1026.36(c)(3).

**. . .**

**(11)** Any other error relating to the servicing of a borrower's mortgage loan.

**. . .**

**(e)*Response to notice of error*** -

**(1)*Investigation and response requirements*** -

> **(i)*In general.*** Except as provided in paragraphs (f) and (g) of this section, a servicer must respond to a notice of error by either:
>
> **(A)** Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
>
> **(B)** Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.
>
> **. . .**

**(3)*Time limits*** -

**(i)*In general.*** A servicer must comply with the requirements of paragraph (e)(1) of this section:

> **(A)** Not later than seven days (excluding legal public holidays, Saturdays, and Sun days) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.
>
> **(B)** Prior to the date of a foreclosure sale or within 30 days

> (excluding legal public holidays, Saturdays, and Sun days) after the servicer receives the notice of error, whichever is earlier, for errors asserted under paragraphs (b)(9) and (10) of this section.
> **(C)** For all other asserted errors, not later than 30 days (excluding legal public holidays, Satur days, and Sundays) after the servicer receives the applicable notice of error.
> **. . .**

> **(4)*Copies of documentation.*** A servicer shall provide to the borrower, at no charge, copies of documents and information relied upon by the servicer in making its determination that no error occurred within 15 days (excluding legal public holidays, Saturdays, and Sundays) of receiving the borrower's request for such documents. A servicer is not required to provide documents relied upon that constitute confidential, proprietary or privileged information. If a servicer with holds documents relied upon because it has determined that such documents constitute confidential, proprietary or privileged information, the servicer must notify the borrower of its determination in writing within 15 days (excluding legal public holidays, Satur days, and Sun days) of receipt of the borrower's request for such documents.

39. The Foreclosure Action was dismissed with each party to bear their own fees and costs. TD Bank admitted that the loan modification agreement was handled in-house and that there were no charges associated with the modification agreement. TD Bank agreed in its re-sponse to Notice of Error #4 that it would waive any charges incurred after the dismissal of the Foreclosure Action.

40. TD Bank violated 12 U.S.C. § 2605(e)(2)(A) because it charged against Scott and Maria Price's account attorneys' fees and costs incurred in the Foreclosure Action as well as after the Foreclosure Action for services incurred in attempting to collect the illegal debt.

41. TD Bank violated violated 12 CFR § 1024.35(b)(5) because it charged against Scott and Maria Price's account attorneys' fees and costs incurred in the Foreclosure Action as well as after the Foreclosure Action for services incurred in attempting to collect the illegal debt.

42. TD Bank violated 12 CFR § 1024.35(b)(6) because it provided inaccurate payoff balances in its January 31, 2018 payoff statement and in its July 19, 2019 payoff statement, in violation of 12 CFR 1026.36(c)(3).[2]

43. TD Bank violated 12 CFR § 1024.35(b)(11) because its April 1, 2019 statement provided that Scott and Maria Price owed $9,118.31 as an "Overdue Payment".

44. Defendant TD Bank is the servicer of the subject mortgage loan.

45. Defendant TD Bank received four Notices of Errors (also known as Qualified Written Requests) from Scott and Maria Price's counsel.

46. The Notices of Error related to the servicing of Scott and Maria Price's mortgage loan.

47. Defendant TD Bank failed to respond adequately to the Notices of Error.

48. Scott and Maria Price incurred actual damages because TD Bank repeatedly attempted to collect $9,118.31[3] in attorneys fees and costs from the Foreclosure Action, for reason-

---

[2] 12 CFR 1026.36(c)(3) provides:
"Payoff statements. In connection with a consumer credit transaction secured by a consumer's dwelling, a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer. When a creditor, assignee, or servicer, as applicable, is not able to provide the statement within seven business days of such a request because a loan is in bankruptcy or foreclosure, because the loan is a reverse mortgage or shared appreciation mortgage, or because of natural disasters or other similar circumstances, the payoff statement must be provided within a reasonable time. A creditor or assignee that does not currently own the mortgage loan or the mortgage servicing rights is not subject to the requirement in this paragraph (c)(3) to provide a payoff statement."

[3] Reduced to $6,417.50 in the July 19, 2019 payoff statement.

able attorneys' fees due to Scott and Maria Price's counsel, and for out of pocket mailing costs in the amount of $270.60, as follows:

| | |
|---|---|
| February, 2019 initial retainer. | $ 250.00 |
| February 8, 2019 letter. . | $ 6.70 |
| March 22, 2019 letter. . | $ 6.70 |
| March 29, 2019 letter. . | $. .50 |
| April 22, 2019 letter. . . | $ 6.70 |

49. For purposes of filing this action, Scott and Maria Price retained attorneys George Gingo and James Orth (Gingo & Orth, P.L.L.C.) on a contingent fee agreement wherein they agree to pay a reasonable attorneys' fees and costs to their counsel.

**WHEREFORE**, Plaintiff's Scott and Maria Price, respectfully request this honorable court enter judgment against TD Bank, pursuant to 12 U.S.C. § 2605(f) and 12 CFR § 1024.35 for:

A. Actual damages;
B. Statutory damages for a pattern and practice;
C. Equitable accounting to determine the actual amount(s) currently due under the subject loan;
D. Injunctive and declaratory relief for TD Bank to cease and desist its' attempt to collect any amount for attorneys' fees and costs incurred in the foreclosure actions; and,
E. Attorneys' fees and costs.

**COUNT II**
**Breach of Contract**

50. Plaintiffs Scott and Maria Price repeat and re-allege the allegations contained in paragraphs 1 - 35, above as if fully set forth herein.

51. Defendant TD Bank is the servicer of the subject mortgage loan, and a party to the mortgage loan as it owns the debt.

52. Defendant TD Bank has breached the mortgage loan contract because it charged Scott and Maria Price for attorneys' fees and costs incurred in a Foreclosure Action which it was not entitled to charge.

53. The attempt to collect such legal fees is a breach of contract

54. Scott and Maria Price incurred actual damages because TD Bank repeatedly attempted to collect $9,118.31[4] in attorneys fees and costs from the Foreclosure Action, for reasonable attorneys' fees due to Scott and Maria Price's counsel, and for out of pocket mailing costs in the amount of $270.60, as follows:

| | | |
|---|---|---|
| February, 2019 initial retainer. | $ | 250.00 |
| February 8, 2019 letter. . | $ | 6.70 |
| March 22, 2019 letter. . | $ | 6.70 |
| March 29, 2019 letter. . | $. | .50 |
| April 22, 2019 letter. . . | $ | 6.70 |

55. For purposes of filing this action, Scott and Maria Price retained attorneys George Gingo and James Orth (Gingo & Orth, P.L.L.C.) on a contingent fee agreement wherein they agree to pay a reasonable attorneys' fees and costs to their counsel.

**WHEREFORE**, Plaintiff's Scott and Maria Price, respectfully request this honorable court enter judgment against TD Bank for Breach of Contract as follows:

A. Compensatory damages;
B. Injunctive relief preventing TD Bank from further violating the terms of the mortgage and the Loan Modification Agreement;
C. Accounting to determine the actual amount(s) currently due under the subject loan; and,

[4] Reduced to $6,417.50 in the July 19, 2019 payoff statement.

D. Attorneys' fees and costs.

**COUNT III**
**Violation of the FCCPA**
**(559.72 Fla. Stat.)**

56. Plaintiffs Scott and Maria Price repeat and re-allege the allegations contained in paragraphs 1 - 35, above as if fully set forth herein.

57. Defendant TD Bank is the servicer of the subject debt and owner of the debt.

58. Scott and Maria Price are "Consumers" pursuant to the FCCPA in that they are natural persons and allegedly obligated to pay a debt arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, is primarily for personal, family, or household purposes, to wit: a mortgage on their family home.

59. The debt at issue was primarily for personal, family, or household purposes. Defendant TD Bank is a debt collector as defined by Florida Statutes 559.55(6) in that it uses an instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another.

60. Defendant TD Bank is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

61. Defendant TD Bank engaged in an act or omission prohibited by the FCCPA.

62. Florida Statute § 559.72 provides in relevant part:

"In collecting consumer debts, no person shall…

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

63. Defendant TD Bank violated Florida Statute § 559.72 when it sent to Scott and Maria Price the January 31, 2018 payoff statement and the July 19, 2019 payoff statement. This is because those documents attempt to enforce a debt due to attorneys' fees and costs incurred in the Foreclosure Action when TD Bank knew it was not entitled to collect those fees and costs.

64. Defendant TD Bank violated Florida Statute § 559.72 when it sent to Scott and Maria Price the April 1, 2019 mortgage statement. This is because that document attempts to enforce a debt in the amount of $ 9,118.31 due to attorneys' fees and costs incurred in the Foreclosure Action when TD Bank knew it was not entitled to collect those fees and costs.

65. Scott and Maria Price incurred actual damages because TD Bank repeatedly attempted to collect $9,118.31[5] in attorneys fees and costs from the Foreclosure Action, for reasonable attorneys' fees due to their counsel, and for out of pocket mailing costs in the amount of $270.60, as follows:

| | | |
|---|---|---|
| February, 2019 initial retainer. | $ | 250.00 |
| February 8, 2019 letter. . | $ | 6.70 |
| March 22, 2019 letter. . | $ | 6.70 |
| March 29, 2019 letter. . | $. | .50 |
| April 22, 2019 letter. . . | $ | 6.70 |

[5] Reduced to $6,417.50 in the July 19, 2019 payoff statement.

66. For purposes of filing this action, Scott and Maria Price retained attorneys George Gingo and James Orth (Gingo & Orth, P.L.L.C.) on a contingent fee agreement wherein they agreed to pay a reasonable attorneys' fees and costs to their counsel.

**Prayer For Relief**

WHEREFORE, Plaintiffs Scott and Maria Price, respectfully request this honorable court enter judgment against TD Bank for:

A. Actual damages;
B. Statutory damages;
C. Enjoin Defendant TD Bank from continuing to violate the FCCPA;
D. Accounting to determine the actual amount(s) currently due under the subject loan;
E. Declare Defendant TD Bank's Conduct in violation of the FCCPA; and,
F. Attorneys' fees and costs.

**COUNT IV**
**Violation of 701.04 Fla. Stat.**

67. Plaintiffs Scott and Maria Price repeat and re-allege the allegations contained in paragraphs 1 - 35, above as if fully set forth herein.

68. At all relevant times, Defendant TD Bank was the holder of the mortgage and note and servicer of the mortgage loan.

69. Florida Statute 701.04 provides in relevant part:

> "Within 14 days after receipt of the written request of a mortgagor, a record title owner of the property, a fiduciary or trustee lawfully acting on behalf of a record title owner, or any other person lawfully authorized to act on behalf of a mortgagor or record title owner of the property, the holder of a mortgage shall deliver or cause the servicer of the mortgage to deliver to the person making the request at a place designated in the written request an estoppel letter setting forth the unpaid balance of the loan secured by the mortgage.
> …

> (a) If the mortgagor, or any person lawfully authorized to act on behalf of the mortgagor, makes the request, the estoppel letter must include an itemization of the principal, interest, and any other charges properly due under or secured by the mortgage and interest on a per-day basis for the unpaid balance. 701.04 Fla. Stat.

70. TD Bank violated 701.04(1)(a) when it delivered the January 31, 2018 payoff statement which improperly included a demand for $9,118.31 for attorneys' fees and costs, and the July 19, 2019 payoff statement which improperly included a demand for $6,417.50 for attorneys' fees and costs incurred in the Foreclosure Action.

71. TD Bank violated 701.04(1)(a) when it delivered the January 31, 2018 payoff statement and the July 19, 2019 payoff statement which failed to properly itemize attorneys fees.

72. Scott and Maria Price incurred actual damages because TD Bank repeatedly attempted to collect $9,118.31[6] in attorneys fees and costs from the Foreclosure Action, for reasonable attorneys' fees due to their counsel, and for out of pocket mailing costs in the amount of $270.60, as follows:

| | |
|---|---|
| February, 2019 initial retainer. | $ 250.00 |
| February 8, 2019 letter. . | $ 6.70 |
| March 22, 2019 letter. . | $ 6.70 |
| March 29, 2019 letter. . | $. .50 |
| April 22, 2019 letter. . . | $ 6.70 |

6 Reduced to $6,417.50 in the July 19, 2019 payoff statement.

73. For purposes of filing this action, Scott and Maria Price retained attorneys George Gingo and James Orth (Gingo & Orth, P.L.L.C.) on a contingent fee agreement wherein they agree to pay a reasonable attorneys' fees and costs to their counsel.

## Prayer For Relief

WHEREFORE, Plaintiffs Scott and Maria Price, respectfully request this honorable court enter judgment against TD Bank for:

A. Actual damages;
B. Statutory damages;
C. Enjoin Defendant TD Bank from continuing to violate Fla. Stat. 701.04;
D. Accounting to determine the actual amount(s) currently due under the subject loan; and,
E. Declare Defendant TD Bank's Conduct in violation of Fla. Stat. 701.04; and,
F. Attorneys' fees and costs.


/s/ James E. Orth, Jr.
James E. Orth, Jr. FBN 75941

/s/ George M. Gingo
George M. Gingo, 08795

Gingo & Orth, PLLC
1702 S. Washington Avenue
Titusville, FL 32780
321-264-9624 Office
jamesorthlaw@gmail.com
gingo.george@gmail.com